UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Smith, #40459-004, | ) C/A No.: 9:11-3405-DCN-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mildred L. Rivera, Warden, | ) |
| Respondent. | ) |

Petitioner, Derick Smith, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241, seeking a reduction in his federal sentence. Petitioner is incarcerated at FCI-Estill, located in the State of South Carolina. The record reflects that he was charged with conspiracy to distribute, and possession with intent to distribute, crack cocaine, and was found guilty by a jury on three counts of a superceding indictment in 1996. Petitioner was sentenced to 292 months with 10 years supervised release. The term of imprisonment was based upon a pre-sentence investigation report (PSR) which calculated his offense level based, in part, on prior Florida state court convictions. One of those state convictions was for possession of cocaine, for which he received two (2) years probation. Petitioner violated his probation, and spent 270 days in the Palm Beach County jail. Petitioner also received a criminal history point for a juvenile adjudication for driving without a driver's license, for which he received six (6) months probation.

Petitioner's direct appeal of the federal sentence was unsuccessful, and his motion to vacate,



set aside, or correct his sentence under 28 U.S.C. § 2255 was denied in August 2001. Petitioner now files this Section 2241 petition seeking a reduction in his sentence, based on the holdings in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), and *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (4th Cir. August 17, 2011).

## **DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* pleading pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, and the holding in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972)(pro se complaints held to less stringent standards than formal pleadings drafted by lawyers). Even when considered under this less stringent standard, however, the *pro se* petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, however, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994). Hence, since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at



all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra*.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay*, *supra, citing United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Dumornay*, *supra, citing Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964). Hence, in order to go forward with a Section 2241 petition, the Petitioner must establish that a second or successive § 2255 motion would be inadequate or ineffective. The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct



3

appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, *supra* @ 333-334.

Petitioner fails to meet all the prongs of this test. Specifically, Petitioner has not established that the substantive law has changed such that the conduct of which he was **convicted** has been deemed not to be criminal. Indeed, Petitioner clearly attacks his **sentence** in this Section 2241 Petition. "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008). Since the substantive law has not changed such that Petitioner's conduct is now "deemed not to be criminal," as the second-prong of the *Jones* test requires, this Court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Furthermore, Petitioner seeks relief, in part, pursuant to the holding of our Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). *Simmons* was a direct appeal, not a collateral attack. When overruling *Harp*, the Court of Appeals in *Simmons* held that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year. *Simmons* was decided on August 17, 2011, and the United States Court of Appeals for the Fourth Circuit has **not** held that *Simmons* is retroactive. Moreover, the Supreme Court of the United States has **not** held that the holding in *Carachuri–Rosendo v. Holder*, 177 L.Ed.2d 68, 130 S.Ct. 2577 (2010), the case on which the holding in *Simmons* is based,

4



is retroactive to cases on collateral review. In the absence of a clear determination by the Fourth Circuit that its opinion in *Simmons* should apply retroactively to persons whose convictions were final before *Simmons* was decided, the court cannot say that Petitioner is entitled to raise that case as a basis for his claim in this Petition in any event.

Finally, even if the petitioner could avail himself of Section 2241, the petition would be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through 542.16; *See also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). In the instant case, the petitioner has not established, or even alleged, that he has exhausted his administrative remedies.

Since the petitioner has not established that he has exhausted his administrative remedies, has not shown that the cases he cites for authority have been made retroactive to cases on collateral review, and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, this matter must be dismissed. Petitioner is not without a remedy, however. He may seek leave to file a second or successive Section 2255 motion from the Eleventh Circuit Court of Appeals.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus



petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

January 27, 2012
Charleston, South Carolina

**<u>The petitioner's attention is directed to the important notice on the next page.</u>**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

